UNITED STATES DISTRICT COURT
DISTRICT OF MASSACHUSETTS

_____
)
BEN MITCHELL, RICARDO ENGERMAN, )
DENNIS CASHMAN, RAJI LAHCEN, )
DONALD WILLOUGHBY, ANTHONY SMITH, )
STEPHEN TOUMA, JOSEPH MATHIEU, ) **Civil Action No. 08-10629-NG**
ISAAC WILLIAMS, DONALD CHANDLER, )
WILMER PRESTON, KEVIN DAVIS, )
LEE HARDIN, STEVEN McCOY, )
MICHAEL KALINOWSKI, ) **JURY DEMANDED**
and all others similarly situated, )
)
               Plaintiffs, )
) **LEAVE GRANTED**
     v. ) **September 23, 2008**
)
US AIRWAYS, INC. and )
PRIME FLIGHT AVIATION SERVICES, INC., )
)
               Defendants. )
_____ )

**THIRD AMENDED COMPLAINT**

**I.    INTRODUCTION**

     1.     This is a class action brought on behalf of skycaps working at airports throughout the United States for US Airways, Inc. ("US Airways") and/or for Prime Flight Aviation Services, Inc. ("Prime Flight"). Skycaps have traditionally received most of their compensation from tips given to them by airline passengers. However, beginning in approximately 2007, US Airways began assessing a $2 per bag charge on passengers for skycaps' services that is not paid to the skycaps but is instead retained by the defendants. As a result, skycaps' compensation has decreased dramatically, as few passengers will pay additional tips on top of this charge. Also, many passengers

believe that the charge is paid to the skycaps, and Defendants have knowingly profited off of this misunderstanding.

2. The plaintiffs bring claims on behalf of a national Rule 23 class of skycaps under the common law and bring claims on behalf of similarly situated skycaps throughout the country who may opt-in to this case under the federal Fair Labor Standards Act ("FLSA"), 29 U.S.C. §§ 201 et seq. Specifically, the defendants have violated the common law of the several states in which the service charge has been instituted by interfering with skycaps' relationships with customers, and they are also liable under the common law doctrines of *quantum meruit* and unjust enrichment. The defendants have also violated the FLSA by paying the skycaps less than the federal minimum wage because they are not entitled to take the "tip credit" against the minimum wage under the FLSA.

3. The plaintiffs also bring claims for violation of the Massachusetts Tips Law, Mass. Gen. L. c. 149 § 152A, and the Massachusetts Minimum Wage Law, Mass. Gen. L. c. 151 §§ 1 and 7.

4. Following the filing of this lawsuit, US Airways decided to eliminate skycap services nationwide. Plaintiffs assert that this decision was retaliation against US Airways skycaps for having brought this national lawsuit. Plaintiffs thus assert claims of retaliation on behalf of themselves and all US Airways skycaps nationwide whose jobs have been or are about to be eliminated.

## II. PARTIES

5. Plaintiff Ben Mitchell is an adult resident of Mattapan, Massachusetts and has been employed as a skycap working at the US Airways terminal at Boston Logan Airport beginning in approximately 1975. He and other skycaps working at the US Airways terminal in Boston have been jointly employed by US Airways and Prime Flight Aviation Services, Inc. He and the other US Airways skycaps in Boston have been paid an hourly rate of between $2 and $3, an amount that is less than minimum wage.

6. Plaintiff Ricardo Engerman is an adult resident of Stoughton, Massachusetts and has been employed as a skycap working at the US Airways terminal at Boston Logan Airport during the period in which US Airways has assessed the $2 per bag charge described in this complaint. He and other skycaps working at the US Airways terminal in Boston have been jointly employed by US Airways and Prime Flight Aviation Services, Inc. He and the other US Airways skycaps in Boston have been paid an hourly rate of between $2 and $3, an amount that is less than minimum wage.

7. Plaintiff Dennis Cashman is an adult resident of Peabody, Massachusetts and has been employed as a skycap working at the US Airways terminal at Boston Logan Airport during the period in which US Airways has assessed the $2 per bag charge described in this complaint. He and other skycaps working at the US Airways terminal in Boston have been jointly employed by US Airways and Prime Flight Aviation Services, Inc. He and the other US Airways skycaps in Boston have been paid an hourly rate of between $2 and $3, an amount that is less than minimum wage.

8. Plaintiff Raji Lahcen is an adult resident of East Boston, Massachusetts and has been employed as a skycap working at the US Airways terminal at Boston

Logan Airport during the period in which US Airways has assessed the $2 per bag charge described in this complaint. He and other skycaps working at the US Airways terminal in Boston have been jointly employed by US Airways and Prime Flight Aviation Services, Inc. He and the other US Airways skycaps in Boston have been paid an hourly rate of between $2 and $3, an amount that is less than minimum wage.

9. Plaintiff Donald Anderson Willoughby is an adult resident of East Boston, Massachusetts and has been employed as a skycap working at the US Airways terminal at Boston Logan Airport during the period in which US Airways has assessed the $2 per bag charge described in this complaint. He and other skycaps working at the US Airways terminal in Boston have been jointly employed by US Airways and Prime Flight Aviation Services, Inc. He and the other US Airways skycaps in Boston have been paid an hourly rate of between $2 and $3, an amount that is less than minimum wage.

10. Plaintiff Anthony Smith is an adult resident of Dorchester, Massachusetts and has been employed as a skycap working at the US Airways terminal at Boston Logan Airport during the period in which US Airways has assessed the $2 per bag charge described in this complaint. He and other skycaps working at the US Airways terminal in Boston have been jointly employed by US Airways and Prime Flight Aviation Services, Inc. He and the other US Airways skycaps in Boston have been paid an hourly rate of between $2 and $3, an amount that is less than minimum wage.

11. Plaintiff Stephen Touma is an adult resident of Quincy, Massachusetts and has been employed as a skycap working at the US Airways terminal at Boston Logan Airport during the period in which US Airways has assessed the $2 per bag charge described in this complaint. He and other skycaps working at the US Airways

terminal in Boston have been jointly employed by US Airways and Prime Flight Aviation Services, Inc. He and the other US Airways skycaps in Boston have been paid an hourly rate of between $2 and $3, an amount that is less than minimum wage.

12. Plaintiff Joseph Mathieu is an adult resident of Dorchester, Massachusetts and has been employed as a skycap working at the US Airways terminal at Boston Logan Airport during the period in which US Airways has assessed the $2 per bag charge described in this complaint. He and other skycaps working at the US Airways terminal in Boston have been jointly employed by US Airways and Prime Flight Aviation Services, Inc. He and the other US Airways skycaps in Boston have been paid an hourly rate of between $2 and $3, an amount that is less than minimum wage.

13. Plaintiff Isaac Williams is an adult resident of Chelsea, Massachusetts and has been employed as a skycap working at the US Airways terminal at Boston Logan Airport during the period in which US Airways has assessed the $2 per bag charge described in this complaint. He and other skycaps working at the US Airways terminal in Boston have been jointly employed by US Airways and Prime Flight Aviation Services, Inc. He and the other US Airways skycaps in Boston have been paid an hourly rate of between $2 and $3, an amount that is less than minimum wage.

14. Plaintiff Donald Chandler is an adult resident of Philadelphia, Pennsylvania and has been employed as a skycap working at the US Airways terminal at Philadelphia International Airport since approximately 1996. He and other skycaps working at the US Airways terminal in Philadelphia have been jointly employed by US Airways and Prime Flight Aviation Services, Inc. He and the other US Airways skycaps

in Philadelphia have been paid an hourly rate of between $2 and $3, an amount that is less than minimum wage.

15. Plaintiff Wilmer Preston is an adult resident of Upper Marlboro, Maryland and has been employed as a skycap working at the US Airways terminal at Reagan International Airport since approximately 1968. He and other skycaps working at the US Airways terminal at Reagan International Airport have been jointly employed by US Airways and Prime Flight Aviation Services, Inc. He and the other US Airways skycaps at Reagan International Airport have been paid an hourly rate of between $2 and $3, an amount that is less than minimum wage.

16. Plaintiff Kevin Davis is an adult resident of Los Angeles, California and has been employed as a skycap working at the US Airways terminal at Los Angeles International Airport during the period in which US Airways has assessed the $2 per bag charge described in this complaint.

17. Plaintiff Lee Hardin is an adult resident of Indianapolis, Indiana and has been employed as a skycap working at the US Airways terminal at Indianapolis International Airport during the period in which US Airways has assessed the $2 per bag charge described in this complaint. He and the other US Airways skycaps at Indianapolis International Airport have been paid an hourly rate of approximately $5.15, an amount that is less than minimum wage.

18. Plaintiff Steven McCoy is an adult resident of Arlington, Texas and has been employed as a skycap working at the US Airways terminal at Dallas/Fort Worth International Airport during the period in which US Airways has assessed the $2 per bag charge described in this complaint. He and the other US Airways skycaps at Dallas/Fort

Worth International Airport have been paid an hourly rate of approximately $5.15, an amount that is less than minimum wage.

19. Plaintiff Michael Kalinowski is an adult resident of Albany, New York, and has been employed as a skycap for Prime Flight Aviation Services, Inc. at Albany International Airport in New York (serving US Airways passengers and passengers for other airlines) throughout the period in which the $2 per bag charge described in this complaint has been assessed. He and other Prime Flight skycaps have been paid an hourly rate that is less than the federal minimum wage (for Kalinowski, $5.40 per hour).

20. The above-named plaintiffs bring this action on their own behalves and on behalf of all others similarly situated, namely all other individuals who have worked as a skycap for US Airways and/or Prime Flight since the $2 per bag charge has been in effect. This class satisfies all the requirements of Federal Rule of Civil Procedure 23.

21. The above-named plaintiffs also bring the FLSA claim in this case on behalf of similarly situated skycaps throughout the country employed by US Airways and/or Prime Flight who have been paid less than the federal minimum wage; these employees may opt in to this case to pursue claims under the Fair Labor Standards Act, 29 U.S.C. § 216(b).

22. Defendant US Airways, Inc. ("US Airways") is a public corporation that operates at airports throughout the country. It has employed skycaps throughout the country as a joint employer with various corporations with which it contracts, including Defendant Prime Flight Aviation Services, Inc.

23. Defendant Prime Flight Aviation Services, Inc. ("Prime Flight") is a corporation that has contracted with airlines, including US Airways, to provide skycap services at various airports around the United States.

### III. JURISDICTION AND VENUE

24. This Court has general federal question jurisdiction pursuant to 28 U.S.C. §1331, because Plaintiffs have brought a claim pursuant to the federal Fair Labor Standards Act, 29 U.S.C. §201 *et seq*. The Court also has supplemental jurisdiction over the state law claims pursuant to 28 U.S.C. § 1367. Jurisdiction is also invoked pursuant to 28 U.S.C. §1332(d)(2).

25. Venue is proper in this court because defendants have violated the laws of the Commonwealth of Massachusetts within Massachusetts, have obligated themselves to the plaintiffs within Massachusetts, and have specifically chosen to maintain a corporate presence within, and substantial contacts with, the Commonwealth of Massachusetts.

### IV. STATEMENT OF FACTS

26. Skycaps have traditionally received most of their compensation from tips given to them by airline passengers.

27. Over the past few years, several airlines have implemented a $2 per bag charge for curbside check-in service.

28. In approximately 2007, US Airways began assessing the $2 per bag charge on passengers in a number of airports around the country.

29. The proceeds of this $2 per bag charge have not been paid to the skycaps.

30. Instead, US Airways has retained the proceeds from this charge and/or has shared it with other companies with which it has jointly employed the skycaps, including Prime Flight.

31. Prime Flight has also jointly employed skycaps with other airlines that have implemented the $2 per bag charge and has retained proceeds from the $2 charge imposed by other airlines.

32. As a result of this $2 per bag charge, skycaps' compensation has decreased dramatically, as far fewer passengers will pay tips in addition to paying this charge.

33. Also, many passengers have believed that the charge is paid to the skycaps (as a tip or service charge), and the defendants have intentionally and improperly profited off of this misunderstanding.

34. The defendants have not adequately notified passengers that the $2 per bag charge is not a tip or service charge for the skycaps.

35. The defendants have intentionally and improperly presented the $2 charge in a manner that is misleading to passengers. For example, it is cash-only, it is collected by the skycaps themselves, and it is in an amount that has typically been given as a tip to skycaps.

36. The skycaps who have worked at US Airways terminals at which the $2 per bag charge has been instituted have been jointly employed by US Airways and contractor companies, including Prime Flight.

37. The contractor companies (including Prime Flight) have issued the skycaps' paychecks. However, US Airways has been the skycaps' joint employer.

38. The skycaps have worked at US Airways terminals, serving US Airways passengers and adhering to US Airways policies (including the collection of $2 per bag from passengers for curbside check-in).

39. Also, the skycaps have been required to use US Airways equipment, including a US Airways computer system.

40. US Airways has had control over scheduling and staffing of skycaps at its terminals.

41. US Airways has had control over decisions relating to terminations and lay offs of skycaps at its terminals.

42. US Airways has conducted employment-related trainings for the skycaps, and skycaps have been required to contact US Airways employees with various job-related issues.

43. Skycaps employed by the defendants have been paid a base wage that is less than the federal minimum wage and is less than the minimum wage of a number of states, including Massachusetts.

44. However, the defendants have not met the federal and state legal requirements to take a "tip credit" against the minimum wage for skycaps.

45. For example, since the institution of the $2 per bag charge, the skycaps have not been able to retain all of their tips and must instead pay a portion of their tips over to the defendants.

46. The skycaps have been required to turn in $2 for every bag they check, whether or not they have collected the $2 charge from the passenger.

47. When passengers have checked their bags with skycaps but have not paid the $2 charge, skycaps have had to make up these "shortages" out of their own tips.

48. Also, because the $2 charge is a tip or service charge under the Massachusetts Tips Law and because the skycaps do not retain the proceeds of the $2 charge, the defendants have not qualified to take the "tip credit" against the Massachusetts minimum wage.

49. The defendants have not provided to the skycaps the notice required under federal and state law regarding their intention to take a "tip credit" against the minimum wage.

50. Following the filing of this lawsuit (and a related lawsuit filed against Prime Flight and other skycap contractor companies, <u>Carreiro et al. v. Huntleigh Corp. et al.</u>, C.A. No. 08-10819), US Airways decided to eliminate skycap services nationwide. This decision was in retaliation against US Airways skycaps for having brought these national lawsuits.

<u>**COUNT I**</u>

**FAIR LABOR STANDARDS ACT**

Defendants' knowing and willful failure to pay Plaintiffs and class members the federal minimum wage violates the federal Fair Labor Standards Act ("FLSA"), 29 U.S.C. § 201 *et seq*. Defendants have not been entitled to take the "tip credit" against the minimum wage pursuant to 29 U.S.C. § 203(m).

## COUNT II

## TORTIOUS INTERFERENCE WITH CONTRACTUAL AND/OR ADVANTAGEOUS RELATIONS

Defendants' conduct, as set forth above, constitutes unlawful interference with the implied contractual and/or advantageous relationship that exists between skycaps and Defendants' customers, under the common law of the various states in which the charge described above has been instituted. This claim is brought on behalf of the national class.

## COUNT III

## UNJUST ENRICHMENT /*QUANTUM MERUIT*

Defendants' conduct, as set forth above, constitutes unjust enrichment under the common law of the various states in which the $2 charge described above has been instituted. Plaintiffs are entitled to restitution under the related common law doctrine of *quantum meruit*. This claim is brought on behalf of the national class.

## COUNT IV

## MASSACHUSETTS TIPS LAW

Defendants' conduct as set forth above violates the Massachusetts Tips Law, Mass. Gen. L. c. 149 § 152A. This claim is brought on behalf of the Massachusetts plaintiffs and is brought pursuant to Mass. Gen. L. c. 149 § 150.

## COUNT V

## MASSACHUSETTS MINIMUM WAGE LAW

Defendants' conduct in failing to pay Plaintiffs who work in Boston the Massachusetts minimum wage and inappropriate claiming of the "tip credit," as set forth

above, violates Mass. Gen. L. c. 151 §§ 1 and 7. This claim is brought on behalf of the Massachusetts plaintiffs.

## COUNT VI

## RETALIATION UNDER THE FLSA

Defendant US Airways' conduct, in eliminating skycap services nationwide in response to Plaintiffs having brought national claims against them under the FLSA, constitutes unlawful retaliation pursuant to 29 U.S.C. § 215(a)(3).

## COUNT VII

## TERMINATION IN VIOLATION OF PUBLIC POLICY

Defendant US Airways' conduct, in eliminating skycap services nationwide in response to Plaintiffs having brought national claims against them under common law theories, constitutes unlawful termination in violation of public policy under the laws of the various states in which US Airways has employed skycaps.

## COUNT VIII

## RETALIATION UNDER MASSACHUSETTS LAW

Defendant US Airways' conduct, in eliminating skycap services at Boston Logan Airport, constitutes unlawful retaliation in violation of Mass. Gen. L. c. 149 § 148A.

## JURY DEMAND

Plaintiffs request a trial by jury on all their claims.

WHEREFORE, Plaintiffs request that this Court enter the following relief:

1. Permission for skycaps throughout the country who have been employed as skycaps for US Airways and/or for Prime Flight since the $2 per bag charge was implemented, and have been paid less than federal minimum wage, to opt in to this action, pursuant to § 216(b) of the FLSA;

2.      Certification of Counts II and III of this case as a class action, pursuant to Fed. R. Civ. P. 23;

3.      Restitution for all tips, gratuities, and service charges of which skycaps were deprived;

4.      Restitution for the full minimum wage (under the FLSA and Massachusetts law);

5.      Lost wages that skycaps will suffer from the elimination of their jobs;

6.      Liquidated damages under the FLSA;

7.      Treble damages under the Massachusetts Tips Law and the Massachusetts Minimum Wage Law;

8.      An injunction ordering Defendants to cease their violations of the law as described here, including an injunction ordering Defendants not to eliminate skycaps' jobs;

9.      Attorneys' fees and costs; and

10.     Any other relief to which the plaintiffs may be entitled.

Respectfully submitted,
BEN MITCHELL, RICARDO ENGERMAN,
DENNIS CASHMAN, RAJI LAHCEN,
DONALD WILLOUGHBY, ANTHONY SMITH,
STEPHEN TOUMA, JOSEPH MATHIEU,
ISAAC WILLIAMS, DONALD CHANDLER,
WILMER PRESTON, KEVIN DAVIS,
LEE HARDIN, STEVEN McCOY,
MICHAEL KALINOWSKI,
and all others similarly situated,

By their attorneys,

 /s/  Hillary Schwab_____
Shannon Liss-Riordan, BBO #640716
Harold L. Lichten, BBO #549689
Hillary Schwab, BBO #666029
PYLE, ROME, LICHTEN, EHRENBERG
        & LISS-RIORDAN, P.C.
18 Tremont Street, 5th Floor
Boston, Massachusetts 02108
(617) 367-7200

Dated:       September 23, 2008

## CERTIFICATE OF SERVICE

I hereby certify that on September 23, 2008, a copy of this document was served by electronic filing on all counsel of record.

 /s/  Hillary Schwab_____
Hillary Schwab, Esq.