# UNITED STATES DISTRICT COURT
# FOR THE DISTRICT OF MASSACHUSETTS

BEN MITCHELL, RICARDO ENGERMAN, )
DENNIS CASHMAN, RAJI LAHCEN, DONALD )
WILLOUGHBY, ANTHONY SMITH, STEPHEN )
TOUMA, JOSEPH MATHIEU, ISAAC WILLIAMS, )
DONALD CHANDLER, WILMER PRESTON, )
KEVIN DAVIS, LEE HARDIN, STEVEN MCCOY, )
and all others similarly situated, )
    Plaintiffs, )
     )
    v. ) Civ. Action No. 08cv10629-NG
US AIRWAYS, INC. and )
PRIME FLIGHT AVIATION SERVICES, INC., )
    Defendants. )

## MEMORANDUM AND ORDER
September 8, 2010

    Plaintiffs contend that the Court erred when it granted defendant's motion to dismiss on the basis of Brown v. United Airlines, No. 08-10689.  Indeed, plaintiffs in this case did not reject the possibility of changing signs as a remedy for defendant's alleged state law violations.  Therefore, I should not have ruled the claim preempted based on a significant impact on prices or services, at least at this stage of the case.  See DiFiore v. Am. Airlines, Inc., 688 F. Supp. 2d 15, 25 (D. Mass. 2009).  The fact that US Airways had a sign at the curb explaining the fee does not affect this conclusion (for purposes of the motion to dismiss), because the signs may have been inadequate.  Id.

    Plaintiffs have also argued that the Court made factual assumptions that were inappropriate at the stage of a motion to dismiss about whether other possible remedies would have a significant effect on services.  In light of Judge Young's contrary holding after a jury trial -- as well as the pending appeal of his ruling in the First Circuit -- I will also allow

this case to go forward on these other remedy theories. See id. at 24-25. I have already rejected price preemption as a basis for dismissing the case at this stage. Further factual development will allow the Court to determine whether plaintiffs' claims would have a significant impact on prices or services. See Montalvo v. Spirit Airlines, 508 F.3d 464, 475 (9th Cir. 2007).

Of course, the plaintiffs' position with respect to signage may be relevant to whether federal regulators have occupied the field of communication of baggage handling charges. However, I will wait to address field preemption until later in the case for two reasons: First, the parties have never fully briefed the issue (US Airways has mentioned it in footnotes). Second, a decision on field preemption likely would not result in a final judgment; even if US Airways is correct that federal regulations occupy the field of communications between airlines and passengers, it appears the plaintiffs would still be able to proceed on their retaliation claims and their alternative theory of tortious interference, that passengers are unlikely to tip in addition to the bag fee.

Since I conclude that the claims should not be dismissed, I need not address plaintiffs' arguments regarding ADA preemption of claims involving employees of a contractor and the appropriateness of a presumption against preemption in areas of traditional state regulation.

Plaintiffs' Motion for Reconsideration of the Court's Ruling on Preemption (**document #113**) **is GRANTED** and the Court's September 22, 2009, electronic Order of Dismissal **is VACATED**. I will not entertain any further motions for reconsideration of dismissal. All ADA and field preemption issues may be addressed in a summary judgment motion after the parties have conducted additional discovery. At that time, the parties may wish to brief whether the same ADA preemption analysis applies to the claims that US Airways retaliated against the plaintiffs for

filing this lawsuit.  US Airways may also raise any other arguments it originally set forth in its motion to dismiss, in light of the subsequent settlement with Prime Flight and amendments to plaintiffs' complaint.  The parties shall file a new joint scheduling statement by **September 20, 2010.**

**SO ORDERED.**

Date:   September 8, 2010          */s/ Nancy Gertner*
                                             **NANCY GERTNER, U.S.D.C.**